[No. A044739. First Dist., Div. Two. Oct. 12, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
HERMAN BROWN, Defendant and Appellant.

**COUNSEL**

Robert Fiedler and Fiedler, Gardner & Derham for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Stan M. Helfman, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**KLINE, P. J.**—Appellant Herman Brown appeals following revocation of his probation. He contends it was an abuse of discretion to admit a police officer's hearsay testimony relating the findings of a chemist's test on confiscated substances at a probation revocation proceeding.

### STATEMENT OF THE CASE AND FACTS

On the basis of an outstanding parole violation, Officer Dennis Quinn arrested appellant in his hotel room.[1] A search of appellant and his room produced the following evidence: apparent rock and powdered cocaine, two

---

[1] Appellant was on probation pursuant to an October 1988 arrest for possession of cocaine.

hypodermic needles, a razor blade, and glass pipes with wire screens of the type used to smoke cocaine. Officer Quinn brought the apparent cocaine to the narcotics drop at the police department for analysis by the chemist. The chemist determined that the confiscated substance tested positive for .84 grams of cocaine and recorded the results on the substance's envelope and on an evidence disposition sheet.

At the probation revocation hearing, Officer Quinn testified regarding the chemist's findings and the customary uses of the confiscated cocaine paraphernalia. The court overruled appellant's objection to the introduction of the test results as hearsay. The court revoked appellant's probation and ordered executed a previously suspended prison term, less 201 days presentence custody and conduct credits.[2]

Appellant filed a timely notice of appeal.

### DISCUSSION

■ Appellant claims that Officer Quinn's testimony regarding the results of a chemist's test on the substances recovered from his residence was wrongfully introduced at his probation revocation proceeding. Appellant contends it was an abuse of discretion to admit such evidence as it violated his right to cross-examine a witness and to have only reliable, nonhearsay testimony adduced against him.

"[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." (*Morrissey* v. *Brewer* (1972) 408 U.S. 471, 480 [33 L.Ed.2d 484, 494, 92 S.Ct. 2593].) ■ Despite the relaxed rules of evidence governing probation revocation proceedings, a court is not permitted " 'to admit unsubstantiated or unreliable evidence as substantive evidence . . . .' " (*People* v. *Maki* (1985) 39 Cal.3d 707, 715 [217 Cal.Rptr. 676, 704 P.2d 743], quoting *Egerstaffer* v. *Israel* (7th Cir. 1984) 726 F.2d 1231, 1235.)

■ As long as hearsay testimony bears a substantial degree of trustworthiness it may legitimately be used at a probation revocation proceeding. (*Egerstaffer* v. *Israel, supra,* 726 F.2d at p. 1234; *Morrissey* v. *Brewer, supra,* 408 U.S. 471, 489 [33 L.Ed.2d 484, 499].) In general, the court will find hearsay evidence trustworthy when there are sufficient "indicia of reliability." (*United States* v. *Penn* (11th Cir. 1983) 721 F.2d 762, 765.) Such a

---

[2] Pursuant to a negotiated plea bargain, the superior court had suspended a sentence of four years in state prison for possession of cocaine.

determination rests within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. (*Ibid.*)

For example, in *People* v. *Maki, supra,* 39 Cal.3d 707, the court admitted documents (otherwise inadmissible as hearsay) which were seized from Maki's home because there were sufficient indicia of reliability. Specifically, the court relied on the fact that the defendant's signature appeared on the car rental invoice and hotel receipt introduced at the hearing. The court determined the presence of these signatures provided sufficient evidence of the documents' reliability and that they were thus properly admitted at the hearing. (*Id.,* at pp. 716-717.) Similarly, in *Egerstaffer* v. *Israel, supra,* 726 F.2d 1231, the court admitted an unsworn recorded interview of the victim because the interview was corroborated by witnesses, and the defendant had admitted many of the facts. (*Id.,* at p. 1235.) Finally, in *United States* v. *Penn, supra,* 721 F.2d 765, a parole officer was permitted to introduce the results of urine tests even though he had not been involved in the lab test. The court determined the evidence was "trustworthy and reliable" because the laboratory reports were "the regular reports of a company whose business it is to conduct such tests" and "there was general corroboration that [the defendant] was taking drugs." (*Id.,* at pp. 765-766.) The court reasoned, "[i]n the absence of any evidence tending to contradict Penn's drug usage or the accuracy of the lab tests, his confrontation rights were not infringed by the admission of [the probation officer's] testimony . . . ." (*People* v. *Maki, supra,* 39 Cal.3d at p. 717, quoting *United States* v. *Penn, supra,* 721 F.2d at p. 766.)[3]

In the instant case, Officer Quinn testified that he routinely passed the confiscated substances on to the police chemist who subsequently conducted the test. We have no reason to believe the test results were anything but trustworthy and reliable as it is the "regular business" of the police laboratory to conduct such tests.[4] Moreover, the evidence presented at appellant's hearing was corroborated by both the articles of cocaine paraphernalia seized at his arrest and the chemist's case evidence disposition sheet. Although Officer Quinn was not able to read one of the words on the back of the test envelope, he clearly and definitely stated that the sample tested

---

[3] In *United States* v. *Caldera* (5th Cir. 1980) 631 F.2d 1227, however, the court reversed and remanded a parole revocation when a police officer who had not participated in the preparation or analysis of laboratory tests for cocaine was permitted to testify. (*Id.,* at pp. 1227-1228.) *Caldera,* however, was a one-paragraph, per curiam opinion with sketchy facts and minimal reasoning. As such, we find the reasoning in *Maki, Penn,* and *Egerstaffer* to be far more compelling.

[4] We reject appellant's claim that the police chemist is "less than wholly neutral and objective" simply because he is employed by the police department. The logical extension of appellant's argument would lead to the unacceptable conclusion that all testimony by persons employed by the police department is per se unreliable.

positive for .84 grams of cocaine. Appellant did not introduce any evidence tending to contradict this, the dispositive part of the officer's testimony.

We therefore conclude the admission of Officer Quinn's testimony did not impermissibly infringe upon appellant's confrontation rights.

Accordingly, the judgment is affirmed.

Smith, J., and Benson, J., concurred.