[No. A105199. First Dist., Div. Three. Aug. 31, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
KEITH LEVIOL JOHNSON, Defendant and Appellant.

COUNSEL

Julie Schumer, by appointment of the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PARRILLI, J.**—Keith Leviol Johnson appeals from a judgment sending him to prison for three years for a probation violation. He contends the admission of a hearsay laboratory report at the revocation hearing violated his constitutional rights under *Crawford v. Washington* (2004) 541 U.S. 36 [158 L.Ed.2d 177, 124 S.Ct. 1354] (*Crawford*). We disagree, and affirm the judgment.

Johnson was put on probation after pleading no contest to a charge of petty theft with a prior. Probation revocation proceedings were initiated after a police officer observed Johnson selling a rock of cocaine on a Berkeley street. At the hearing, the court admitted a report from the Alameda County Crime Laboratory analyzing the rock that was the subject of the transaction. Defense counsel unsuccessfully objected on "hearsay and foundation grounds."

After the hearing, the United States Supreme Court issued its opinion in *Crawford*, holding that admission òf "testimonial" out-of-court statements is barred by the confrontation clause of the Sixth Amendment unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. (*Crawford, supra,* 541 U.S. at p. 68 [158 L.Ed.2d at p. 203]; U.S. Const., 6th Amend.) Johnson acknowledges that the laboratory report in this case was admissible under California case law approving the use of various forms of documentary evidence at probation revocation hearings despite hearsay objections. (E.g., *People v. Maki* (1985) 39 Cal.3d 707, 716–717 [217 Cal.Rptr. 676, 704 P.2d 743] [car rental and hotel receipts]; *People v. Brown* (1989) 215 Cal.App.3d 452, 455 [263 Cal.Rptr. 391] [officer's testimony regarding laboratory test results for cocaine sample]; *People v. O'Connell* (2003) 107 Cal.App.4th 1062, 1066–1067 [132 Cal.Rptr.2d 665] [report from director of drug counseling program].)[1] However, Johnson claims a different rule applies under *Crawford.*[2]

We disagree. *Crawford*'s holding is based squarely on the Sixth Amendment right to confront witnesses. (*Crawford, supra,* 541 U.S. at pp. 37, 68 [158 L.Ed.2d at pp. 184, 203].) Probation revocation proceedings are not "criminal prosecutions" to which the Sixth Amendment applies. (U.S. Const., 6th Amend.; *Morrissey v. Brewer* (1972) 408 U.S. 471, 480 [33 L.Ed.2d 484, 92 S.Ct. 2593]; *Gagnon v. Scarpelli* (1973) 411 U.S. 778, 781 [36 L.Ed.2d 656, 93 S.Ct. 1756].) Probationers' limited right to confront witnesses at revocation hearings stems from the due process clause of the Fourteenth Amendment, not from the Sixth Amendment. (*Black v. Romano* (1985) 471 U.S. 606, 610, 612 [85 L.Ed.2d 636, 105 S.Ct. 2254].) Thus, *Crawford*'s interpretation of the Sixth Amendment does not govern probation revocation proceedings. (See *United States v. Barraza* (S.D.Cal 2004) 318 F.Supp.2d 1031, 1035.)

---

[1] In his reply brief, Johnson argues there was no showing the report was sufficiently trustworthy. Not so. A police officer testified that the report was identified by case number and by Johnson's name, and came from the crime laboratory that routinely tested narcotics for the Berkeley Police Department. This was sufficient; defense counsel made no claim the report was untrustworthy in any specific way.

[2] The Attorney General claims Johnson waived the right to rely on *Crawford* by failing to make a confrontation clause or Sixth Amendment objection below. However, the failure to object was excusable, since governing law at the time of the hearing afforded scant grounds for objection. (*Ohio v. Roberts* (1980) 448 U.S. 56, 66 [65 L.Ed.2d 597, 100 S.Ct. 2531] [confrontation clause does not bar admission of hearsay evidence with guarantees of trustworthiness]; see *People v. Welch* (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802].) Johnson's arguments raise only questions of law, and we exercise our discretion to address the *Crawford* issue. (*People v. Mattson* (1990) 50 Cal.3d 826, 854 [268 Cal.Rptr. 802, 789 P.2d 983], superseded by statute on another ground as noted in *People v. Jennings* (1991) 53 Cal.3d 334, 387, fn. 13 [279 Cal.Rptr. 780, 807 P.2d 1009]; *People v. Blanco* (1992) 10 Cal.App.4th 1167, 1173 [13 Cal.Rptr.2d 176].)

Sixth Amendment cases, however, may provide helpful examples in determining the scope of the more limited right of confrontation held by probationers under the due process clause. (See *People v. Arreola* (1994) 7 Cal.4th 1144, 1158 [31 Cal.Rptr.2d 631, 875 P.2d 736] (*Arreola*).) Even in that respect, *Crawford* lends no support to Johnson's attempt to exclude the laboratory report. Although the *Crawford* court expressly refrained from attempting a comprehensive definition of "testimonial" (*Crawford, supra,* 541 U.S. at p. 68 [158 L.Ed.2d at p. 203]), it did provide the following analysis: "[N]ot all hearsay implicates the Sixth Amendment's core concerns. . . . [¶] The text of the Confrontation Clause . . . applies to 'witnesses' against the accused—in other words, those who 'bear testimony.' [Citation.] 'Testimony,' in turn, is typically '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.' [Citation.] An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not. The constitutional text, like the history underlying the common law right of confrontation, thus reflects an especially acute concern with a specific type of out-of-court statement.

"Various formulations of this core class of 'testimonial' statements exist: 'ex parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially,' [citation]; 'extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions,' [citation]; 'statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial,' [citation]." (*Crawford, supra,* 541 U.S. at pp. 51–52 [158 L.Ed.2d at pp. 192–193].)

Johnson contends the laboratory report amounted to "testimonial" hearsay, because the person completing the report would have expected it to be used for criminal prosecution. Setting aside the problem that a probation revocation hearing is neither a "prosecution" nor a "trial," we believe Johnson misapprehends *Crawford*'s discussion of what amounts to "testimonial" hearsay. A laboratory report does not "bear testimony," or function as the equivalent of in-court testimony. If the preparer had appeared to testify at Johnson's hearing, he or she would merely have authenticated the document. In *Arreola,* our Supreme Court explained: "There is an evident distinction between a transcript of former live testimony and the type of traditional 'documentary' evidence involved in [*People v. Maki, supra,* 39 Cal.3d 707] that does not have, as its source, live

testimony. [Citation.] . . . [T]he need for confrontation is particularly important where the evidence is testimonial, because of the opportunity for observation of the witness's demeanor. [Citation.] Generally, the witness's demeanor is not a significant factor in evaluating foundational testimony relating to the admission of evidence such as laboratory reports, invoices, or receipts, where often the purpose of this testimony simply is to authenticate the documentary material, and where the author, signator, or custodian of the document ordinarily would be unable to recall from actual memory information relating to the specific contents of the writing and would rely instead upon the record of his or her own action." (*Arreola, supra,* 7 Cal.4th at p. 1157.)

Here, the laboratory report was not a substitute for live testimony at Johnson's revocation hearing; it was routine documentary evidence. Thus, it did not amount to "testimonial" hearsay under *Crawford,* and its admission was consistent with the rationale of *Arreola.* "Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law . . . ." (*Crawford, supra,* 541 U.S. at p. 68 [158 L.Ed.2d at p. 203].)

## DISPOSITION

The judgment is affirmed.

McGuiness, P. J., and Pollak, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 10, 2004.