[No. B174110. Second Dist., Div. Six. Mar. 24, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID BRUCE SAFFOLD, Defendant and Appellant.

COUNSEL

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Deborah J. Chuang and Michael R. Johnsen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GILBERT, P. J.**—Defendant is convicted for disobeying a domestic relations order. (Pen. Code, § 273.6, subd. (a).)[1] As evidence that he was served with notice of the order, the trial court admitted the proof of service.

Here we conclude that the admission of this evidence did not violate his right to confront witnesses under *Crawford v. Washington* (2004) 541 U.S. 36 [158 L.Ed.2d 177, 124 S.Ct. 1354].

David Bruce Saffold appeals a judgment after conviction of felony elder abuse, misdemeanor false imprisonment, and seven counts of misdemeanor disobeying a domestic relations order. (§§ 368, subd. (b)(1), 236, 237, & 273.6, subd. (a).) We affirm.

### FACTS AND PROCEDURAL HISTORY

David Saffold resided with his parents at a home on Kenwood Drive in Santa Barbara.[2] In 1980, David, then a young adult, burned down the family home because his parents no longer would allow him to live there. Following commitments to Atascadero State Hospital and Patton State Hospital, David lived in various places. In 1996, he returned to live in a trailer in the driveway of the family home.

At times, David had behaved violently toward his parents. His father testified that "violence has been a mode of life for [David]." Throughout early 2003, Mr. Saffold insisted that his son vacate the trailer due to problems created by his drug abuse and mental illness.

---

[1] All statutory references are to the Penal Code unless stated otherwise.

[2] We shall refer to defendant as "David," and to his parents as "Mr. and Mrs. Saffold," to ease the reader's task.

On August 18, 2003, Mr. Saffold awakened David and demanded that he leave that day—the forewarned "deadline" for moving. David became angry and assaulted his father by grabbing his face and shoulders, and shaking him. Mr. Saffold, then 72 years old, disabled, and physically frail, suffered a facial laceration and bruising on his arm. Mrs. Saffold stopped the assault on her husband by biting David and screaming.

Mr. Saffold left the family home and sought the assistance of Legal Aid. That office summoned police officers and assisted the Saffolds in obtaining a temporary restraining order against David. The August 25, 2003, restraining order that the Saffolds obtained prohibited David from contacting them. Mr. Saffold also obtained an emergency protective order against David.[3]

On August 27, 2003, at 1:20 p.m., Santa Barbara County Deputy Sheriff Elroy Allain served the temporary restraining order and related documents upon David at the Santa Barbara County jail. Allain executed a "Proof of Service" on a Judicial Council form attesting to the details of service upon David. Allain did not testify at trial. The trial court admitted evidence of the proof of service.

During his incarceration in county jail, David repeatedly telephoned his parents and mailed them letters. Counts 8 and 10 of the second amended information concern telephone calls placed by David on September 2, 2003, and September 6, 2003, in violation of the temporary restraining order. County jail officers recorded the telephone calls, and the recordings were received into evidence at trial.

The trial court convicted David of felony elder abuse, misdemeanor false imprisonment, and seven counts of misdemeanor disobeying a domestic relations order. (§§ 368, subd. (b)(1), 236, 237, & 273.6, subd. (a).) The trial court sentenced him to a prison term of three years, including concurrent terms for the misdemeanor convictions.

David appeals and contends that evidence of the proof of service violates his Sixth Amendment constitutional right to confront witnesses. (*Crawford v. Washington, supra,* 541 U.S. 36 [constitutional principles mandate that the reliability of testimonial hearsay be tested by the adversary process of

---

[3] The Saffolds obtained several temporary restraining orders and emergency protective orders against David. This appeal concerns only the temporary restraining order issued on August 25, 2003.

cross-examination].) The Attorney General responds, and argues in part that David has waived the argument by not raising this constitutional objection in the trial court.

## DISCUSSION

David points out that section 273.6, subdivision (a), punishes the "intentional and knowing violation" of a domestic relations order. He asserts that constitutional principles demand that he have actual knowledge of the restraining order. (See *People v. Garcia* (2001) 25 Cal.4th 744, 752 [107 Cal.Rptr.2d 355, 23 P.3d 590] [actual knowledge satisfies constitutional requirements concerning crime of failure to register as a sex offender].) David argues that evidence of the proof of service denies him the constitutional right to confront witnesses against him because Deputy Allain did not testify at trial and identify him as the person that he served. He contends the error is not harmless beyond a reasonable doubt because the proof of service is the only evidence admitted at trial that tends to establish his knowledge of the temporary restraining order. (*People v. Garcia, supra,* 25 Cal.4th 744, 752 [trier of fact may infer actual knowledge from proof of service].)

█ In *Crawford v. Washington, supra,* 541 U.S. at p. 59 [124 S.Ct. at p. 1369], the Supreme Court concluded that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Crawford* thus holds that the Sixth Amendment demands that the defendant have had an opportunity for cross-examination of an unavailable witness preceding evidence of "testimonial" hearsay. (*Id.,* at p. 67 [124 S.Ct. at p. 1374].)

*Crawford* declined to define a "testimonial" statement in detail. (*Crawford v. Washington, supra,* 541 U.S. at p. 67 [124 S.Ct. at p. 1374].) The court noted, however, that it included "prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and . . . police interrogations." (*Ibid.; Leavitt v. Arave* (9th Cir. 2004) 383 F.3d 809, 830, fn. 22.)

█ The Supreme Court decided *Crawford* after David had been tried and convicted. At the time of his trial, section 1102 and Code of Civil Procedure section 2009 permitted hearsay evidence of a proof of service to establish service of a summons or notice. (*Conservatorship of Forsythe* (1987) 192 Cal.App.3d 1406, 1409–1411 [238 Cal.Rptr. 77] [proof of service, although

hearsay, is admissible to prove service].) ■ Moreover, *Forsythe* concluded that because a proof of service concerns only "a peripheral procedural matter," it does not implicate a conservatee's assumed constitutional right to confront witnesses. (*Id.,* at p. 1411.) Under the circumstances here, David did not waive his confrontation claim by not objecting to the proof of service and challenging the holding of *Forsythe.* Any objection would have been unavailing under pre-*Crawford* law. (*People v. Johnson* (2004) 121 Cal.App.4th 1409, 1411, fn. 2 [18 Cal.Rptr.3d 230].)

■ *Crawford* reasoned that the Sixth Amendment confrontation clause was directed against "the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused." (*Crawford v. Washington, supra,* 541 U.S. at p. 50 [124 S.Ct. at p. 1363].) *Crawford* concluded that the "focus" of the confrontation clause concerns a "testimonial" statement. (*Id.,* at p. 51 [124 S.Ct. at p. 1364].) "An accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." (*Ibid.*)

■ The trial court properly admitted evidence of the proof of service because it is not a testimonial statement within the holding of *Crawford. Crawford* concerns pretrial statements given to government officers in a preliminary hearing, grand jury, a former trial, or police interrogations, among other settings. (*Crawford v. Washington, supra,* 541 U.S. at p. 68 [124 S.Ct. at p. 1374].) Although the Supreme Court declined to define "testimonial" in a comprehensive fashion, it was concerned with the abuses at which the historic confrontation clause was directed. (*Id.,* at pp. 50, 68 [124 S.Ct. at pp. 1363, 1374] [confrontation clause principally directed against "the civil-law mode of criminal procedure, and particularly its use of *ex parte* examinations as evidence against the accused"].) Here Deputy Allain was not an accuser making a statement to government officers; he did not give testimony against David by serving the restraining order and completing the proof of service. Allain, an employee of the Civil Division of the Santa Barbara County Sheriff's Department, served David in the routine performance of his duties. (*People v. Johnson, supra,* 121 Cal.App.4th 1409, 1413 [laboratory report of criminalist was "routine documentary evidence," not "testimonial" hearsay].) Allain's testimony would have served primarily to authenticate the proof of service. (*Ibid.*) "Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law . . . ." (*Crawford v. Washington, supra,* 541 U.S. at p. 68 [124 S.Ct. at p. 1374].)

The judgment is affirmed.

Yegan, J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 22, 2005.