53 Cal.Rptr.3d 302 (2007)
146 Cal.App.4th 958
The PEOPLE, Plaintiff and Respondent,
v.
Ricky J. SALINAS, Defendant and Appellant.
No. F049017.
Court of Appeal of California, Fifth District.
January 12, 2007.
*303 Burton R. Loehr, under appointment by the Court of Appeal, Sacramento, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, J. Robert Jibson and Judy Kaida, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]

OPINION
WISEMAN, J.

INTRODUCTION
In Crawford v. Washington (2004) 541 U.S. 36, at p. 68, 124 S.Ct. 1354, 158 L.Ed.2d 177, the United States Supreme Court held the admission of testimonial out-of-court statements is barred by the confrontation clause of the Sixth Amendment unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. The defendant in this case challenges the admission of evidence that rocks seized from him contained methamphetamine. The evidence came in through the testimony of a supervising criminalist who reviewed the report of another laboratory employee, who did not testify. We hold that admission of this evidence does not violate the Crawford decision since the laboratory report is not testimonial; it was not offered as a substitute for live testimony; and the defendant had a full opportunity to cross-examine the supervising criminalist.
In the unpublished portion of this opinion, we conclude there were no instructional errors and that no additional records are relevant to defendant's excess force claims.
The judgment is affirmed.

PROCEDURAL HISTORY
Appellant Ricky J. Salinas was convicted by jury of possessing methamphetamine (Health & Saf.Code, § 11377, subd. (a), count 1); two counts of felony resisting arrest (Pen.Code,[1] § 69, counts 2 & 3); battery on a peace officer causing injury (§ 243, subd. (c)(2), count 4); and being under the influence of a controlled substance (Health & Saf.Code, § 11550, subd. (a), count 5). Salinas was sentenced to the middle term of two years on count 1, plus a consecutive term of eight months for each of counts 2 and 3 (one-third the midterm) for a total term of three years and *304 four months in state prison. The court stayed pursuant to section 654 a middle term of two years on count 4. A concurrent term of 90 days in county jail was imposed on count 5.

FACTUAL HISTORY
In the early morning hours of April 6, 2005, Delano Police Officer Navarrette stopped Salinas because the bicycle Salinas was riding did not have proper lighting. Salinas responded in anger and accused the officer of harassing him. When Navarrette asked for identification, Salinas handed his identification to the officer, but let it fall to the ground. Navarrette told Salinas he was going to search for weapons and ordered Salinas to place his hands behind his back. Salinas refused and became more agitated. When Navarrette tried to control Salinas, Salinas attempted to pull away. A scuffle ensued with Navarrette ending up on top of Salinas. Salinas tried to roll over Navarrette, who called for back-up.
Officer Rutledge responded and assisted Navarrette in bringing Salinas under control. During the struggle, Salinas threatened both officers. At one point, he said he was going to "lack your ass." He was continuously combative. The officers tried to pull Salinas's arm behind his back to handcuff him. Pepper spray was applied but it did not subdue Salinas, who "violently struggled." Salinas attempted to hit Navarrette and tried to bite Rutledge on his left thigh. After being handcuffed, Salinas continued to yell and threaten the officers, spitting in Rutledge's face. Rutledge injured his neck, right shoulder, right wrist, lower back, and knees in the struggle. The injuries required medical treatment.
A plastic digital scale was found in Salinas's pocket. He was arrested and transported to jail. During the booking search, a plastic baggie, containing five rocks of methamphetamine, was found in Salinas's pocket. Blood tests confirmed that he was under the influence of amphetamines.

DISCUSSION

I. Crawford v. Washington
At trial, the prosecution sought admission of a laboratory report prepared by retired criminalist Joe Fagundes during the course of his employment at the Kern County Regional Crime Laboratory. The report established that the five rocks in Salinas's pocket were methamphetamine. Fagundes did not testify. Instead, Gregory Laskowski, a supervising criminalist at the laboratory, testified providing the foundation for the laboratory report. The evidence was admitted over a defense objection that its admission violated Crawford v. Washington, supra, 541 U.S. 36, 124 S.Ct. 1354 (Crawford). Under Crawford, the admission of testimonial out-of-court statements is barred by the confrontation clause of the Sixth Amendment unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. (Id at p. 68, 124 S.Ct. 1354; U.S. Const., 6th Amend.)
On appeal, Salinas renews his objection under Crawford He argues that this court's earlier decision in People v. Parker (1992) 8 Cal.App.4th 110, 10 Cal.Rptr.2d 38 (Parker) must be reconsidered in light of Crawford. In Parker, we held that a laboratory report was admissible under the public records exception to the hearsay rule even when the actual employee who performed the laboratory tests was not available to testify. Parker held that, "[u]nder [Evidence Code] section 1280 a record may be admitted into evidence if it was made by and within the scope of duty of a public employee at or near the time of the act, condition, or event recorded and if *305 the sources of information and the method and time of preparation were such as to indicate its trustworthiness. [Citations.] `The trustworthiness requirement for this exception to the hearsay rule is established by a showing that the written report is based upon the observations of public employees who have a duty to observe the facts and report and record them correctly.' [Citation.] Whether the trustworthiness requirement has been met is a matter within the trial court's discretion. [Citation.]" (Parker, supra, 8 Cal.App.4th at p. 116, 10 Cal.Rptr.2d 38.)
Salinas does not directly challenge the trustworthiness of the laboratory report. Instead, he contends the decision in Parker does not end the analysis because, under Crawford, the analysis shifts from whether the evidence is trustworthy to whether the evidence is testimonial requiring the right of confrontation. He argues that the laboratory records are testimonial under Crawford even though they might qualify as business records under Parker because they were prepared by government officials for the purpose of criminal litigation. Salinas admits that the Crawford opinion identifies business records and public records as examples of nontestimonial evidence, but argues that this characterization depends on a finding that the records were not prepared for litigation. (Crawford, supra, 541 U.S. at pp. 56 & 76, 124 S.Ct. 1354 (maj. opn. & conc. opn. of Roberts. C.J.).)
We reject Salinas's argument for two reasons. First, we conclude that laboratory reports and other similar documentary evidence are not testimonial under Crawford because they are not being offered as a substitution for live testimony. Our conclusion is supported by a number of decisions reached by other courts. For example, in People v. Johnson (2004) 121 Cal. App.4th 1409, 1410, 18 Cal.Rptr.3d 230, a defendant in a probation revocation hearing challenged the admission of a laboratory report analyzing rock cocaine, a report prepared by the prosecution for trial. The Johnson court concluded that the report in question was not testimonial because it was "routine documentary evidence" that did not have as its source live testimony. (Id. at pp. 1412-1413, 18 Cal.Rptr.3d 230.) "A laboratory report does not `bear testimony,' or function as the equivalent of in-court testimony." (Id. at p. 1412, 18 Cal. Rptr.3d 230.) Similarly, in State v. Dedman (2004) 136 N.M. 561 [102 P.3d 628], the court concluded that a blood alcohol report was nontestimonial under Crawford, even though prepared by a state laboratory technician for trial, because the testing process is routine, nonadversarial, and made to ensure an accurate measurement. (See also People v. Arreola (1994) 7 Cal.4th 1144, 1155-1158, 31 Cal.Rptr.2d 631, 875 P.2d 736 [foundational evidence needed for admission of documentary evidence is not testimonial under confrontation clause; decided pre-Crawford]; People v. O'Connell (2003) 107 Cal.App.4th 1062, 1066, 132 Cal.Rptr.2d 665 [progress notes from community counseling program noting defendant had not attended any of 20 sessions was not testimonial evidence; decided pre-Crawford].)
We agree that Crawford issues cannot be circumvented by the admission of public records, such as police reports that contain testimonial statements given by those in formal police interrogations who might be witnesses at trial. (Davis v. Washington (2006) ___ U.S. ___, 126 S.Ct. 2266, 165 L.Ed.2d 224; People v. Taulton (2005) 129 Cal.App.4th 1218, 1225, 29 Cal.Rptr.3d 203.) The type of documentary evidence in question here, however, does not contain witness statements. In this case, the report is admitted only to show recorded test results.
*306 This leads to our second reason for rejecting Salinas's challenge under Crawford. We believe that, even if Crawford applies to the admission of routine documentary evidence, Salinas had a full opportunity to cross-examine Laskowski on the foundational showing made for the document. In our view, this meets the requirements of Crawford. Laskowski explained how samples are handled in the laboratory and how the tests are run. He described the reports and what they show. He testified that he reviewed this report as Fagundes's supervisor close in time to when it was prepared. If there had been problems with how the report was generated or how the testing was done, or if there were questions about methodology or acceptance of the testing procedures by the scientific community, Salinas had the chance to explore these areas through cross-examination of Laskowski. The record reveals that Laskowski was not asked any question that he was unable to answer. (See United States v. Owens (1988) 484 U.S. 554, 559-560, 108 S.Ct. 838, 98 L.Ed.2d 951 [confrontation clause guarantees an opportunity for effective cross-examination, not cross-examination to whatever extent defendant wishes].)
It is highly unlikely that Fagundes, the criminalist who actually ran the test, would have testified any differently. Fagundes would most likely have been required to rely upon the document itself to recount the test results; it is highly unlikely that he would have an independent recollection of the test performed on this particular sample. As a result, his testimony, like Laskowski's, would also have been limited to routine practice, work habits, and laboratory guidelines. (See People v. Arreola, supra, 7 Cal.4th at p. 1157, 31 Cal.Rptr.2d 631, 875 P.2d 736 [testimony relating to admission of laboratory reports is foundational; often author cannot even recall from memory record's contents].) The prosecution relied upon the laboratory report as a chronicle of the laboratory testing results to establish the narcotic character of the rocks. If the testimony relied upon had been opinion testimony, such as Navarrette's expert opinion that Salinas was under the influence, then Salinas would have had the right to cross-examine about the basis of the opinion, any biases, etc. The report was not opinion evidence.
Unlike other cases where the documentary evidence is admitted on a foundation laid by affidavit, by representation of a district attorney, or based on the document itself, here there is live in-court testimony that was subject to full cross-examination. In People v. Rogers (2004) 8 A.D.3d 888, 780 N.Y.S.2d 393, 396-397, the court found a Crawford violation when the trial court admitted a laboratory report ordered by state police to determine the defendant's blood alcohol level. The prosecution sought admission of the report as a business record solely on the basis that it was a document in the files of the state police. The blood sample had been sent to an outside laboratory for testing and the results were sent back to the state police and placed in the case file. At trial, no attempt was made to lay a foundation for the report, other than its presence in police files. No one from the laboratory testified and therefore, no cross-examination about methodology, chain-of-custody, result analysis, etc., was possible. In People v. Johnson, supra, 121 Cal.App.4th at page 1411, 18 Cal.Rptr.3d 230, a police officer testified that the report was identified by case number and by Johnson's name and came from the crime laboratory that routinely tested narcotics for the Berkeley Police Department. No one from the laboratory testified. As we have explained, the facts in this case are distinguishable. For this reason, even if we understood Crawford as requiring the *307 right to cross-examine foundational testimony of documentary evidence, Salinas was afforded that right.

II.-V.[**]

DISPOSITION
The judgment is affirmed.
WE CONCUR: VARTABEDIAN, Acting P.J., and GOMES, J.
NOTES
[*] Pursuant to California Rules of Court, rule 8.1110' (former rule 976.1, this opinion is certified for publication with the exception of parts II, III, IV, and V of the Discussion.
[1] All further references are to the Penal Code unless otherwise noted.
[**] See footnote *, ante.