Filed 3/12/14  P. v. Reynolds CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049088 |
| v. | (Super. Ct. No. R-01005) |
| TERI LYN REYNOLDS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, William R. Froeberg, Judge.  Affirmed.

Erica Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Teri Lyn Reynolds pleaded guilty to petty theft with a prior theft-related conviction. The trial court sentenced her to two years in prison, suspended execution of the sentence, and placed her on probation. She violated the terms of her probation and the court imposed the prison term. Upon her release in March 2012, defendant was placed on postrelease community supervision with the Orange County Probation Department for three years. (Pen. Code, § 3451, subd. (a).)

Between May 2012 and May 2013, defendant received three 10-day flash incarcerations for a variety of missteps; failing to timely report to the probation department, failing to report for drug testing, falsifying a drug test, testing positive for drugs, and being arrested for possessing drug paraphernalia. (Pen. Code, § 3454, subd. (b).) In addition, the trial court imposed a 90-day term for violating the conditions of her community supervision because of positive drug tests and an arrest for possession of both a controlled substance and drug paraphernalia. (Pen. Code, § 3455, subd. (a)(1).)

In August 2013, the probation department filed another petition alleging defendant violated the terms of her community supervision with four positive drug tests, plus two arrests for possession of drugs and drug paraphernalia, and shoplifting. Defendant denied the allegations and the trial court set the matter for a hearing.

At the hearing the prosecutor focused on the failed drug tests. Randall Gosselin, defendant's supervising probation officer, testified he conducted the drug tests by obtaining a buccal swab of defendant's saliva, placing the swab in a plastic container, and mailing it to a toxicology lab in Santa Rosa, California. Gosselin received results from the lab by e-mail. Over a defense hearsay objection, the court allowed Gosselin to access the toxicology lab's Web site, e-mail a copy of defendant's test results to the clerk, who printed a copy that was admitted as an exhibit. The document states defendant had four positive tests for drugs between June 5 and July 9, 2013.

The court found defendant violated the terms of her community supervision and reinstated it with the condition she serve 180 days in county jail.

2

Defendant timely appealed.  We appointed counsel to represent her. Counsel filed a brief summarizing the facts of the case and, while not arguing against defendant, advised us no issues were found to argue on her behalf.  (*Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493]; *People v. Wende* (1979) 25 Cal.3d 436.)  We notified defendant that she could file written argument on her own behalf, but the period to do so has passed and we have received no communication from her.

Having independently examined the record, we find no arguable issue. Under Penal Code section 3455, subdivision (a), if "the supervising county agency" determines "intermediate sanctions . . . are not appropriate," it "shall petition the court pursuant to Section 1203.2 to revoke, modify, or terminate postrelease community supervision."  An uncodified section of the legislation that added the reference to Penal Code section 1203.2 declared, "'[b]y amending . . . Section 3455 . . . to apply to probation revocation procedures under Section 1203.2 . . ., it is the intent of the Legislature that these amendments simultaneously incorporate the procedural due process protections held to apply to probation revocation procedures under *Morrissey v. Brewer* (1972) 408 U.S. 471 [92 S.Ct. 2593, 33 L.Ed.2d 484], and *People v. Vickers* (1972) 8 Cal.3d 451, and their progeny.'"  (Stats. 2012, ch. 43, § 2(b), p. 1965, italics added.)

As a consequence, the general rule excluding a laboratory report absent an opportunity to cross-examine a witness competent to testify to the truth of its contents applicable in a criminal prosecution subject to the Confrontation Clause of the United States Constitution's Sixth Amendment (*Bullcoming v. New Mexico* (2011) 564 U.S. ___, ___ [131 S.Ct. 2705, 2710, 180 L.Ed.2d 610, 616]; *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. 305, 311 [129 S.Ct. 2527, 174 L.Ed.2d 314]), does not apply to this case. (See *People v. Gomez* (2010) 181 Cal.App.4th 1028, 1039; *People v. Johnson* (2004) 121 Cal.App.4th 1409, 1411.)  Defendant had only a "limited right to confront witnesses" based on "the due process clause of the Fourteenth Amendment" (*People v. Johnson, supra,* 121 Cal.App.4th at p. 1411), and "California case law approv[es] the use of

various forms of documentary evidence at probation revocation hearings despite hearsay objections" (*ibid.* [upholding admission of laboratory report that substance the petitioner was observed selling was rock cocaine]).

"As long as hearsay testimony bears a substantial degree of trust-worthiness it may legitimately be used at a probation revocation proceeding. [Citations.] In general, the court will find hearsay evidence trustworthy when there are sufficient 'indicia of reliability.' [Citation.] Such a determination rests within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." (*People v. Brown* (1989) 215 Cal.App.3d 452, 454-455.) The court found the toxicology lab's report admissible, noting the "report on its face indicates" the toxicology lab was "licensed," named "the chief toxicologist," identified the testing process as "gas chromatography mass spectrometry," which the court stated was a proper means "of analyzing for drugs," and that the testing "was performed in accordance with the standard operating procedures." Further, the court found the report declared "the final results [were] reviewed by laboratory certifying scientists" and the lab retained the samples for six months, thereby allowing for a retest of the samples "[i]f there was any question as to the accuracy of the tests . . . ."

Appellate counsel's opening brief suggests we consider whether revocation of defendant's community supervision was proper. Long ago this court discredited the custom of raising "'arguable-but-unmeritorious' issue[s]'" in *Anders/Wende* appeals. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.) The obligation of appointed counsel is to determine whether the appellate record presents issues that have "a reasonable potential for success" and which, if successful, will "result in either . . . a reversal or modification of the judgment." (*Ibid.*) If not, then submission of an *Anders/Wende* brief is appropriate. (*Id.* at p. 112.)

The proposed issue has no potential for success. Decisions in probation revocation proceedings are reviewed for abuse of discretion. (*People v. Urke* (2011) 197

4

Cal.App.4th 766, 773.) Since petitions to revoke, modify, or terminate community supervision are governed by the same principles employed in probation revocation proceedings, we conclude an identical standard of review applies in this context.

Penal Code section 3455 authorizes a court, "[u]pon a finding that the person has violated the conditions of postrelease community supervision," to "[r]eturn the person to . . . community supervision with modifications of conditions, if appropriate, including a period of incarceration in county jail" (Pen. Code, § 3455, subd. (a)(1)) not to exceed 180 days (Pen. Code, § 3455, subd. (d)). The record reflects that, although the trial court revoked defendant's community supervision when she was arraigned on the probation department's petition, after the hearing on the petition's merits, it reinstated community supervision with the additional condition that she serve 180 days in the county jail. Given the express authorization of an additional 180-day jail sentence, defendant's prior lack of success on probation, and the numerous instances of noncompliance while on community release, we cannot conclude the trial court's ruling constituted an abuse of discretion.

The postjudgment order is affirmed.




                                             RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


THOMPSON, J.


5