Filed 6/16/14  P. v. Somera CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| THE PEOPLE, | C074487 |
| Plaintiff and Respondent, | (Super. Ct. No. SF123227A) |
| v. | |
| CHESTER MARK SOMERA, | |
| Defendant and Appellant. | |

Following a jury trial, defendant Chester Mark Somera was convicted of possession of a controlled substance--methamphetamine--(Health & Saf. Code, § 11377, subd. (a); count 1), violation of a court order--domestic violence protective order--(Pen. Code, § 273.6; Fam. Code, §§ 6320, 6389; count 2), and vandalism (Pen. Code, § 594, subd. (a); count 3).  The court sentenced defendant to the upper term of three years in county jail on count 1, and concurrent one-year sentences on counts 2 and 3.  Defendant appeals the judgment.

To prove violation of a court order, the prosecution must show defendant had knowledge of the order.  (Pen. Code, § 273.6; CALCRIM No. 2701.)  Here, the only evidence presented to establish defendant's knowledge of the domestic violence

1

protective order was a proof of service executed by a deputy sheriff who did not testify at trial. The proof of service was admitted into evidence over defendant's objection, and defendant contends that its admission violated the confrontation clause warranting a reversal of the judgment on count 2. (*Crawford v. Washington* (2004) 541 U.S. 36, 59 [158 L.Ed.2d 177, 197] (*Crawford*) ["testimonial statements" of witnesses not testifying at trial may be admitted only where the declarant is unavailable and the defendant has had an opportunity to cross-examine the declarant prior to trial].) We reject defendant's contention and affirm the judgment.

DISCUSSION

Defendant contends the admission of the proof of service of the domestic violence protective order without live testimony by the declarant violated the confrontation clause. (U.S. Const., 6th Amend.) Defendant acknowledges that California courts have previously concluded that proofs of service may be admitted into evidence without violating the confrontation clause because they are not testimonial. (*People v. Saffold* (2005) 127 Cal.App.4th 979 (*Saffold*).) However, defendant contends we should disregard *Saffold* as inconsistent with evolving Supreme Court precedent regarding the confrontation clause: *Melendez-Diaz v. Massachusetts* (2009) 557 U.S. 305 [174 L.Ed.2d 314] (*Melendez-Diaz*), *Bullcoming v. New Mexico* (2011) __ U.S. __ [180 L.Ed.2d 610] (*Bullcoming*), and *Williams v. Illinois* (2012) __ U.S. __ [183 L.Ed.2d 89] (*Williams*). We disagree with defendant and find the trial court did not err in admitting the proof of service into evidence.

In *Melendez-Diaz*, the court held that admission of affidavits by laboratory analysts regarding examination of a controlled substance (conducted at the request of law enforcement) violated the confrontation clause because they are testimonial: "not only were the affidavits ' "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial," ' [citation] but . . . the *sole purpose* of the affidavits was to provide 'prima facie evidence

2

of the composition, quality, and the net weight' of the analyzed substance." (*Melendez-Diaz, supra*, 557 U.S. at pp. 311, 308.) In *Bullcoming*, the court applied *Melendez-Diaz*, and found that a certificate of blood-alcohol analysis prepared by an independent lab analyst to assist a police investigation was testimonial because it was created "solely for an 'evidentiary purpose.' " (*Bullcoming, supra*, __ U.S. at p. __ [180 L.Ed.2d at pp. 623-624].) And *Williams* provides little guidance because it was a 5-4 decision in which a majority agreed in the judgment only. For our purposes, we note that a plurality concluded a laboratory report of DNA analysis of a sample drawn from a victim could be admitted sans testimony without violating the confrontation clause because it was not "inherently inculpatory" where it was produced before a suspect was identified for the purpose of catching an unknown rapist who as still at large. (*Williams, supra*, __ U.S. at p. __ [183 L.Ed.2d 99, 115-116].) And a single justice, who joined the plurality in the judgment, found the report "lacked the requisite 'formality and solemnity' to be considered ' "testimonial." ' " (*Id.* at pp. __, __ [183 L.Ed.2d at pp. 129, 133-134] (conc. opn. of Thomas, J.).) *Saffold* is not contrary to any of these decisions.

As clarified since *Saffold* was decided, "[t]o rank as 'testimonial,' a statement must have a 'primary purpose' of 'establish[ing] or prov[ing] past events potentially relevant to later criminal prosecution.' [Citations.]" (*Bullcoming supra*, __ U.S. at p. __, fn. 6 [180 L.Ed.2d at p. 620, fn. 6].) So, for example, "[b]usiness and public records are generally admissible absent confrontation . . . because--having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial--they are not testimonial." (*Melendez-Diaz, supra*, 557 U.S. at p. 324.) *Saffold* does not contravene these later-established precedents. *Saffold* and the instant case are both distinguishable in that the evidence admitted was created independent of any criminal investigation.

In *Saffold*, the defendant was the subject of a restraining order prohibiting him from contacting his parents. (*Saffold, supra*, 126 Cal.App.4th at p. 982.) He was charged

3

with violating that restraining order. (*Ibid.*) At the trial on his violation of the court-issued restraining order, the proof of service executed by a deputy sheriff who had served the defendant with the restraining order while the defendant was incarcerated (prior to the violation of the order) was admitted into evidence. (*Ibid.*) The defendant contended admission of the proof of service violated the confrontation clause because the declarant did not testify at trial. (*Id.* at pp. 982-983.) On appeal, the court applied *Crawford* and concluded admission of the proof of service did not violate the confrontation clause because the proof of service was not a testimonial statement. (*Saffold, supra*, at pp. 983-984.) As the court explained, the proof of service was prepared in the routine performance of the officer-declarant's duties and not to provide testimony against the defendant. (*Id.* at p. 984.)

Further, pursuant to Family Code section 6383, subdivision (a), a law enforcement officer must, on the request of the petitioning party, serve a domestic violence protective order on the restrained party. However, the order is enforceable regardless of whether the defendant is served with the order, personally or otherwise. (Fam. Code, §§ 6383, subd. (e) [order enforceable regardless of service], 6384, subd. (a) [personal service not necessary if restrained party was present at hearing where order issued].) And verbal notice of the order by an officer reporting to a call for a violation of an order is sufficient notice to establish the violation of the order. (See Fam. Code, § 6383, subd. (e) ["The law enforcement officer's verbal notice of the terms of the order shall constitute service of the order and is sufficient notice for the purposes of this section and for the purposes of Sections 273.6 [(criminalizing violation of protective order)] and 29825 [(prohibiting restrained person from purchasing or receiving firearm)] of the Penal Code."].) But a proof of service of the order is necessary to shorten the time limit to appeal the order from 180 days to 60 days. (*In re Marriage of Lin* (2014) 225 Cal.App.4th 471, 474-477.)

Therefore, we agree with *Saffold* and find that a proof of service of a protective order is not executed for the primary purpose of providing evidence against a defendant

4

in later criminal proceedings, but as part of a declarant-officer's routine administrative duties. Accordingly, the proof of service admitted in this case is not testimonial, and its admission does not violate the confrontation clause.

DISPOSITION

The judgment is affirmed.


    BLEASE    , Acting P. J.


We concur:


    NICHOLSON    , J.


    HOCH    , J.