Filed 12/11/24  P. v. Wolfe CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JESSE FRANKLIN WOLFE,<br><br>        Defendant and Appellant. | A170115<br><br>(Mendocino County Super. Ct. No. 22CR01595) |

Defendant Jesse Franklin Wolfe appeals from the revocation of his postrelease community supervision (PRCS).  Counsel for Wolfe filed a brief raising no issues and requesting this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel informed Wolfe of his right to file a supplemental brief, but we have not received one.[1]  After reviewing the record, we conclude there are no arguable issues and therefore affirm.

_____

[1] Because this appeal is not from a judgment of conviction, it is doubtful that Wolfe is entitled to *Wende* review.  (*People v. Freeman* (2021) 61 Cal.App.5th 126, 132–134 [declining to extend *Wende* review "to an appeal from an order revoking and reinstating PRCS absent a federal constitutional basis for doing so"]; see also *People v. Delgadillo* (2022) 14 Cal.5th 216, 226– 228 [*Wende* review not required in appeal from postconviction order denying petition for resentencing].)  However, Wolfe was not informed his appeal might be dismissed if he did not file a supplemental brief.  We attempted to provide supplemental notice regarding the possibility of dismissal, but Wolfe

1

## BACKGROUND

Wolfe was charged in Lassen County with felony counts of conspiracy to bring drugs into prison (Pen. Code,[2] § 182, subd. (a)(1)) and possession of drugs while a prisoner (§ 4573.6). In May 2021, Wolfe pled guilty to possession of drugs while a prisoner in exchange for dismissal of the conspiracy count. After advising Wolfe of his constitutional rights and finding them "knowingly and intelligently waived," the court accepted the plea agreement and sentenced Wolfe to the stipulated low term of two years in state prison, to be served consecutively to Wolfe's prior prison commitments.[3] The court also imposed fees and restitution fines.

In May 2022, Wolfe was released on PRCS[4] with directions to refrain from engaging "in conduct prohibited by law," to report to the Mendocino County Probation Department "within two working days" of being released, and to keep his probation officer advised of Wolfe's residential and mailing address "at all times." However, Wolfe failed to timely report to the probation department or provide valid contact information. Thus, on July 5, 2022, the Mendocino County Superior Court issued a no bail arrest warrant

---

is no longer in custody and counsel does not have Wolfe's current contact information. Accordingly, we exercise our discretion to conduct an independent review of the record. (See *Delgadillo*, at p. 232.)

[2] Further undesignated statutory references are to the Penal Code.

[3] At the time, Wolfe was incarcerated for 10 years 4 months for a series of drug and gun related convictions in multiple dockets, which are not part of this appeal.

[4] It appears Wolfe was released to the Mendocino County Probation Department as the agency responsible for his PRCS. (§ 3451, subds. (a), (c); *People v. Gutierrez* (2016) 245 Cal.App.4th 393, 399 [PRCS "supervision is conducted by a county agency . . . rather than by the state's Department of Corrections and Rehabilitation"].)

2

and summarily revoked and tolled Wolfe's PRCS for violating multiple terms: "[Wolfe] has made his whereabouts unknown and has not provided a valid address to the Probation Department. Probation has attempted to locate [Wolfe] multiple times but have been unable to locate [him]. [Wolfe] has not submitted a monthly report for the month of June, 2022."

Wolfe was arrested in Lake County on February 15, 2024, and charged with felony and misdemeanor offenses, which are not part of this appeal.[5] On February 29, 2024, Wolfe posted bail for the new Lake County charges and was transported to Mendocino County jail for booking on his outstanding PRCS warrant.

At a contested PRCS revocation hearing on March 19, 2024, the People called a single witness, the Lake County police officer who arrested Wolfe on February 15. The officer testified that he stopped Wolfe because of "headlights and window tinting" and, based on field tests, suspected Wolfe of being under the influence of methamphetamine. The officer asked for identification, and Wolfe verbally identified himself as "Brandon Wolfe," which the officer determined was false; the subsequent search of Wolfe's vehicle uncovered controlled substances, including methamphetamine.

Over defense counsel's objections, the court admitted two exhibits at the revocation hearing. The first was a Department of Justice "Physical Evidence Examination Report," which identified the substances found in Wolfe's vehicle as controlled substances. Defense counsel objected to the

---

[5] Wolfe was charged with "Felony violations of Sections 11378, 11379(a), 11351, 11352(a) of the Health and Safety Code," regarding possession of controlled substances, "a Felony violation of 529(a) of the Penal Code" for falsely impersonating another person, "and Misdemeanor violations of Sections 11364(a), and 11550(a) of the Health and Safety Code," also concerning controlled substances.

admission of the report based on lack of foundation because "the [testifying] officer does not work at the crime lab so he can't be the custodian of records." The second challenged exhibit was a Department of Motor Vehicles (DMV) printout for Brandon Wolfe, which the court admitted over defense counsel's "hearsay and foundation" objection.

The court found Wolfe in violation of his PRCS for failing to obey all laws, specifically, "impersonating the identity of another" and being "under the influence of a controlled substance and in possession of a controlled substance." Consistent with the recommendation of the probation department, the court reinstated PRCS with the original terms and conditions plus an additional sentence of 180 days in county jail, with 20 days custody credit.

Wolfe filed a timely notice of appeal.

## DISCUSSION

PRCS is "an alternative to parole for non-serious, nonviolent felonies." (*People v. Gutierrez*, *supra*, 245 Cal.App.4th at p. 399.) PRCS violations must be proven by a preponderance of the evidence. (§ 3455, subd. (c); *People v. Jackson* (2005) 134 Cal.App.4th 929, 935.) Since revocation of PRCS is not part of a criminal prosecution, " 'the full panoply of rights due a defendant in such a proceeding does not apply to [PRCS] revocations.' " (*People v. Brown* (1989) 215 Cal.App.3d 452, 454, quoting *Morrissey v. Brewer* (1972) 408 U.S. 471, 480, 489; see also *People v. Byron* (2016) 246 Cal.App.4th 1009, 1016 ["PRCS revocations may be informally resolved"].) For instance, hearsay may be considered at a revocation hearing as long as it "bears a substantial degree of trustworthiness." (*Brown*, at pp. 454–455; accord, *People v. Buell* (2017) 16 Cal.App.5th 682, 689 ["The determination whether hearsay evidence is

4

trustworthy rests with the trial court and will not be disturbed on appeal absent an abuse of discretion"].)

Here, we see no error in the manner which the court conducted the PRCS hearing and conclude the court's consideration of the exhibits objected to was appropriate as there was no reason to question their trustworthiness. The Department of Justice report was certified under penalty of perjury by the examining analyst as an official record. (*People v. Dunlap* (1993) 18 Cal.App.4th 1468, 1481 [finding no error in admission of a California Law Enforcement Telecommunications System rap sheet]; Evid. Code, § 1280.) Similarly, the DMV printout was signed by the "Chief Investigator," who affirmed that it was "a true copy of the photograph that is contained on the [DMV] photo database." Further, the DMV printout was used to establish the undisputed fact Wolfe's name is not Brandon Wolfe.

Additionally, evidence similar to the challenged exhibits is regularly and properly admitted at revocation hearings. (See, e.g., *People v. Maki* (1985) 39 Cal.3d 707, 716–718 [finding rental car invoice signed by defendant admissible at probation revocation hearing]; *People v. Johnson* (2004) 121 Cal.App.4th 1409, 1410–1413 [laboratory report properly admitted at revocation hearing over defense objection based on " 'hearsay and foundation grounds' "].) Accordingly, the court did not abuse its discretion in admitting the Department of Justice report or DMV printout.

## DISPOSITION

Because our review of the record reveals no arguable issues or issues requiring further briefing, the PRCS revocation order and subsequent sentence are affirmed.

5

_____
DESAUTELS, J.

We concur:

_____
RICHMAN, ACTING P. J.

_____
MILLER, J.

*People v. Wolfe* (A170115)

6