FILED
United States Court of Appeals
Tenth Circuit

December 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER LEYJA,

    Petitioner-Appellant,

v.

DAVID PARKER, Warden,

    Respondent-Appellee.

Nos. 10-6121 and 10-6140

(W.D. of Okla.)

(D.C. No. 5:09-CV-00265-W)

---

**ORDER**

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

This matter is before the court on appellant's *Request for En Banc Hearing*. The request for panel rehearing is granted in part. The court's opinion is amended to add pages 5 through 7. The amended order shall issue nunc pro tunc to the original filing date November 2, 2010. A copy of the amended decision is attached to this order. The request for panel rehearing is otherwise denied.

The petition with en banc request was also transmitted to all of the judges of the court who are in regular active service. As no member of the panel and no judge in regular active service on the court requested that the court be polled, the

en banc request is denied.

Entered for the Court,

ELISABETH A. SHUMAKER
Clerk of Court

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 2, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| CHRISTOPHER LEYJA, | |
| Petitioner-Appellant, | Nos. 10-6121 and 10-6140 |
| v. | (W.D. of Okla.) |
| DAVID PARKER, Warden, | (D.C. No.5:09-CV-00265-W) |
| Respondent-Appellee. | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Petitioner Christopher Leyja, a state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny his request for a COA, deny his request to proceed on appeal *in forma pauperis*, and dismiss this appeal.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

# I. Background

Following a jury trial in Oklahoma state court, Leyja was convicted of three charges involving his former girlfriend, Donna Thompson: first-degree rape (Count I), first-degree burglary (Count II), and forcible oral sodomy (Count III). He was sentenced to forty years on Count I, twenty years on Count II, and twenty years on Count III, each to be served consecutively. The Oklahoma Court of Criminal Appeals (OCCA) affirmed Leyja's conviction on direct appeal. Leyja's pursuit of state post-conviction relief was also unsuccessful.

Leyja subsequently filed a habeas petition in federal district court. The district court referred the matter to a magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). In a carefully reasoned and thorough report and recommendation, the magistrate judge recommended Leyja's petition be denied. The district court adopted the magistrate judge's recommendation and denied the petition. The court then denied Leyja's application for a COA, stating,

> Because the Court has rejected Leyja's claims on their merits . . . the Court finds that to be entitled to a COA Leyja 'must demonstrate that reasonable jurists would find th[is] . . . [C]ourt's assessment of the constitutional claims debatable or wrong.' Upon review of the record, the Court finds that Leyja would be unable to make the requisite showing . . . .

May 20, 2010 Order at 1 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The district court also denied Leyja leave to appeal *in forma pauperis* because

2

"upon review of the record [] Leyja would not be able to present a reasoned, nonfrivolous argument on the law and facts in support of the issues to be raised on appeal. Leyja's appeal therefore is not taken in good faith." June 2, 2010 Order at 1. Leyja sought a second COA to appeal the district court's denial of his application to proceed *in forma pauperis*, which the district court also denied.

Leyja now seeks a COA from this court to enable him to appeal the denial of his habeas petition and his application to proceed *in forma pauperis*. He raises the following issues: (1) insufficient evidence of guilt, (2) actual innocence, (3) ineffective assistance of trial counsel, (4) ineffective assistance of appellate counsel, (5) the erroneous admission of expert testimony, (6) the erroneous admission of a portion of a medical report in violation of Leyja's Sixth Amendment right to confrontation, (7) an alleged *Brady* violation by prosecutors in misrepresenting that a witness could not be located, and (8) an alleged *Brady* violation by prosecutors in failing to disclose a study on which expert testimony was based.

We interpret Leyja's request for a COA regarding the district court's denial of his application to proceed *in forma pauperis* as a renewed application for this status.

## II. Discussion

Without a COA, we lack jurisdiction to consider the merits of a habeas appeal. 28 U.S.C. § 2253(c)(1)(A). We may issue a COA only if "the applicant

3

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, Leyja must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted).

Because the OCCA addressed the merits of several of Leyja's claims, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [his] request for [a] COA." *Dockins v. Hines,* 374 F.3d 935, 938 (10th Cir. 2004). Under AEDPA, we may grant a habeas petition on a claim that was adjudicated on the merits in state court only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

Leyja is a pro se litigant and we construe his pleadings and other papers generously. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Having thoroughly reviewed the record, we conclude Leyja is not entitled to a COA on any of the issues that he seeks to pursue on appeal. As a threshold matter, three of Leyja's claims were not raised with the district court and are waived. As a general rule, we will not consider issues on appeal that were not

4

raised before the district court as part of the habeas petition. *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999); *see also Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721–22 (10th Cir. 1993). However, even if Leyja had properly preserved these issues for appeal, they would have failed on the merits.

First, Leyja claims the admission at trial of a diagram from a medical report violated his Sixth Amendment right to confrontation, as the author of the report was not available for cross-examination. Because the OCCA addressed this question on direct appeal, habeas is only appropriate if the OCCA's conclusions were "contrary to, or involved an unreasonable application of clearly established Federal law." 28 U.S.C. § 2254(d)(1). To determine whether the law was clearly established, we look to Supreme Court precedent as it existed when the state court reached its decision. *Valdez v. Ward*, 219 F.3d 1222, 1229 (10th Cir. 2000).

In *Melendez-Diaz v. Massachusetts*, the Supreme Court held a laboratory drug analysis prepared for trial was testimonial evidence. 129 S. Ct. 2527, 2532–33 (2009) (citing *Crawford v. Washington*, 541 U.S. 36 (2004)). The defendant's right to confrontation was therefore violated when the trial court admitted the analysis without providing the defendant with the opportunity to cross-examine the analyst. Leyja argues this case clarifies the admission of the medical diagram violated his Sixth Amendment right to confrontation. He is arguably correct. However, this decision was not issued until 2009; the OCCA resolved Leyja's claim on direct appeal in 2007. In 2007, the question of whether

5

such scientific analyses constitute testimonial evidence under *Crawford* was still unsettled. In fact, several courts had held analogous documents did not implicate the Sixth Amendment, reading dictum in *Crawford* to suggest business records are not testimonial. *Com. v. Verde*, 444 Mass. 279, 283 (Mass. 2005) (holding drug analyses were not testimonial under *Crawford*), *abrogated by Melendez-Diaz* 129 S. Ct. 2527; *Perkins v. State*, 897 So. 2d 457, 464 (Ala. Crim. App. 2004) (finding an autopsy report not to be testimonial, as it had been made in the ordinary course of business); *People v. Johnson*, 121 Cal. App. 4th 1409, 1412 (Cal. Ct. App. 2004) (finding a laboratory report was not testimonial under *Crawford*).

Because the Supreme Court had not resolved the question of whether a scientific report is testimonial when the OCCA issued its decision, and because multiple courts had found such reports are not testimonial, the OCCA's conclusion was not contrary to or an unreasonable application of clearly established federal law.

In his second claim, Leyja argues the prosecutors committed a *Brady* violation in failing to disclose the 1966 study on which an expert witness relied. In *Brady v. Maryland*, the Supreme Court held the state's suppression of "evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87 (1963). Thus, to establish a *Brady* violation, Leyja must show: "1) that the prosecution suppressed

6

evidence; 2) that the evidence was favorable to the accused; and 3) that the evidence was material." *Smith v. Sec'y of N.M. Dep't of Corr.,* 50 F.3d 801, 824 (10th Cir. 1995). Generally, evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *United States v. Young,* 45 F.3d 1405, 1408 (10th Cir.1995).

Leyja claims the opportunity to review the contents and history of the 1966 study might have allowed his attorney to impeach the expert on cross-examination. "Impeachment evidence as well as exculpatory evidence falls within the *Brady* rule." *Id.* However, Leyja has not shown the study could have been used to impeach the expert. The only information he offers on this point is that the study was published in 1966, and not 1956 as the expert testified. It is unlikely such a minor error would have undermined the expert's credibility with the jury. Because Leyja does not show this study could have furthered his defense, his claim of a *Brady* violation must fail. *See Sandoval v. Ulibarri*, 548 F.3d 902, 915 (10th Cir. 2008) (rejecting a *Brady* claim where appellant's argument that a medical report would have been exculpatory was merely speculative).

Leyja also asserts a second Brady violation in the prosecutors' representation to the trial court, echoed by Leyja's attorney, that a witness could not be located. Even if Leyja is correct that the prosecutors deliberately

7

suppressed evidence of the witness's whereabouts, this act does not constitute a *Brady* violation. An affidavit from this witness shows he could have testified that Leyja and Thompson emerged from her building together, that Leyja was not holding a weapon, and that Thompson unlocked her car door for Leyja. This is consistent with Thompson's own testimony at trial. Because the witness's testimony would not have contradicted Thompson's or added significant additional information, there is not a reasonable probability the testimony would have altered the result of the trial.

As to Leyja's remaining claims, we agree with the findings of the magistrate judge that were subsequently adopted by the district court. For substantially the reasons stated in the report and recommendation, we affirm the district court's decision.

Leyja argues his conviction for first-degree rape was based on insufficient evidence of guilt. In support, Leyja cites the "911" tape in which Thompson stated that she agreed to have sexual intercourse. Leyja also points to a letter written by Leyja's trial counsel asserting Thompson did not want to prosecute because she had consented. However, Thompson's complete statement on the tape was that Leyja "terrorized me at knife point and hammer and said he was gonna kill me . . . and so I had sex with him so that he wouldn't kill me." R. 911 Tape, Trial Exhibit 56. At trial, Thompson also testified she had intercourse with Leyja only because he threatened her with force and she feared for her life. We

8

agree with the magistrate judge that a rational trier of fact could have found Leyja forced Thompson to have sexual intercourse using a threat of violence. This claim therefore fails.

Leyja also seeks a COA on the ground that he is actually innocent of the crimes for which he was convicted. But a claim of actual innocence does not support federal habeas relief, absent an independent constitutional violation occurring in the underlying criminal proceeding. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact."). And as noted above, a rational jury could have concluded that Leyja committed the crime.

Next, Leyja contends his trial counsel was ineffective for failure to call two additional fact witnesses. Under *Strickland v. Washington,* counsel provides ineffective assistance when the representation does not meet "an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. 668, 688, 694 (1984). The OCCA found that failure to call the first witness did not prejudice the outcome of the trial. We agree with the magistrate judge this conclusion was not contrary to or an unreasonable application of federal law. We also find that trial counsel's decision not to call the second witness was reasonable, given the possibility that his medical history

9

would undermine his credibility and that similar evidence could be presented through other witnesses. We therefore deny a COA on this claim.

In his petition, Leyja also alleges his appellate counsel was ineffective, but does not explain the basis for his claim. We assume he intends to raise the same claim he made below, that his appellate attorney filed a defective appeal brief depriving the OCCA of jurisdiction over the appeal, and that his appellate attorney should have made additional arguments for ineffective assistance of trial counsel. We agree with the magistrate judge's finding Leyja's appellate brief was not defective and that, in any case, Leyja suffered no prejudice from any such error as the OCCA reached the merits of his claims. We also agree Leyja's claims of ineffective trial assistance are without merit, and therefore appellate counsel did not err in failing to raise these claims.

Finally, Leyja contends the trial court erred in admitting the testimony of the prosecution's expert. The OCCA affirmed the expert was qualified to testify on human sexual response under the test established by *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993). Noting the qualification of an expert is a factual issue for purposes of federal habeas review, the magistrate judge held this was not an unreasonable determination in light of the facts presented at trial. Given the expert's testimony as to her training and experience in sexual assault nursing, we agree.

10

### III.  Conclusion

We GRANT Leyja's motion to consolidate both applications for COA.  For the reasons stated above, we DENY Leyja's request for a COA and DISMISS the matter.  We also DENY his request for leave to proceed on appeal *in forma pauperis*.

Entered for the Court,


Timothy M. Tymkovich
Circuit Judge

11