**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 30, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK ROBINSON,

        Petitioner - Appellant,

v.

ROBERT C. PATTON, Director,

        Respondent - Appellee.

No. 15-6172
(D.C. No. 5:14-CV-00548-HE)
(W.D. Oklahoma)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **LUCERO** and **McHUGH**, Circuit Judges.

Petitioner Patrick Robinson, an Oklahoma prisoner appearing pro se,[1] seeks a

certificate of appealability (COA) to challenge the district court's denial of his petition

for habeas relief under 28 U.S.C. § 2254. We deny Mr. Robinson's request for a COA

and dismiss the appeal.

Mr. Robinson was convicted in Oklahoma of conspiracy to distribute a controlled

substance and felony murder for a death that occurred during the course of that

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Robinson appears pro se, we construe his filings liberally. *See Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

conspiracy. He was sentenced to life imprisonment for the murder conviction and fifteen years' imprisonment for the conspiracy conviction, with sentences ordered to run consecutively. In his direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), Mr. Robinson asserted three grounds for relief: (1) that the evidence was insufficient to sustain his conviction for felony murder because there was an insufficient nexus between the underlying conspiracy and the homicide, (2) that the trial court erred in sentencing Mr. Robinson without first ordering a presentence report, and (3) that running his sentences consecutively effectively imposed a sentence of life without parole, which Mr. Robinson asserted was excessive. The OCCA addressed Mr. Robinson's contentions and affirmed his convictions and sentence.

Mr. Robinson then filed a petition for postconviction relief in Oklahoma state court on December 11, 2013. In his petition for postconviction relief, Mr. Robinson asserted three grounds for relief: (1) that his equal protection rights were violated because the state engaged in "selective prosecution" based on race, (2) that his trial counsel was ineffective for failing to raise the "selective prosecution" claim, and (3) that his appellate counsel was ineffective for failing to raise both the "selective prosecution" claim and the ineffective assistance of trial counsel claim. The Oklahoma postconviction court denied Mr. Robinson relief on his claims, finding them meritless. On appeal, the OCCA found that review of Mr. Robinson's "selective prosecution" and ineffective assistance of trial counsel claims were procedurally defaulted because Mr. Robinson had failed to raise them in his direct appeal. But the OCCA addressed the merits of Mr. Robinson's ineffective assistance of appellate counsel claim and denied him relief on the basis that he

2

could not show prejudice as required under *Strickland v. Washington*, 466 U.S. 668 (1984).

Following denial of his application for state postconviction relief, Mr. Robinson filed a petition for habeas relief under 28 U.S.C. § 2254 in the U.S. District Court for the Western District of Oklahoma. In his § 2254 petition, Mr. Robinson asserted four grounds for relief: (1) that the state engaged in selective prosecution in violation of the Equal Protection Clause, (2) that trial counsel was ineffective for failing to raise the selective prosecution claim, (3) that appellate counsel was ineffective for failing to raise both the selective prosecution and ineffective assistance of trial counsel claims, and (4) that the state had engaged in prosecutorial misconduct by soliciting false testimony from one of the witnesses against Mr. Robinson at trial. Respondent moved to dismiss the petition on the ground that Mr. Robinson had failed to exhaust his fourth claim for relief in his state postconviction process. Mr. Robinson conceded he had not exhausted his fourth claim for relief and asked to amend his petition to dismiss the fourth claim and proceed on his remaining three claims. The magistrate judge granted Mr. Robinson's request to amend his petition, dismissed the unexhausted claim, and allowed Mr. Robinson to proceed on his remaining claims.

Addressing the remaining claims in Mr. Robinson's petition, the magistrate judge found that Mr. Robinson had procedurally defaulted on his first two grounds for relief by failing to comply with Oklahoma's rule requiring such claims to be brought on direct appeal. As to Mr. Robinson's third claim, the magistrate judge found Mr. Robinson's appellate counsel was not ineffective in failing to raise the selective prosecution and

related ineffective assistance of trial counsel claims because those claims were without merit. Accordingly, the magistrate judge recommended Mr. Robinson's petition for habeas relief be denied.

In his objection to the magistrate judge's report and recommendation, Mr. Robinson raised two arguments for the first time. First, Mr. Robinson argued the Oklahoma statute under which he was convicted did not contemplate felony-murder liability predicated on the mere attempt at distributing a controlled substance. Second, Mr. Robinson resurrected a claim he last raised on direct appeal: that the evidence supporting his conviction for felony murder was insufficient because the prosecution did not prove a nexus between the underlying conspiracy and the homicide. Aside from asserting these two new arguments, Mr. Robinson did not address any of the grounds on which the magistrate judge had recommended denying him relief. Accordingly, the district court declined to consider Mr. Robinson's objections to the magistrate judge's report and recommendation, finding the newly raised arguments waived for failure to first present them to the magistrate judge. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Now on appeal, Mr. Robinson has once again changed his arguments. Rather than addressing any of the grounds upon which the district court denied his petition for habeas relief, Mr. Robinson seeks to resurrect the three arguments he raised in his direct appeal: (1) that there was insufficient evidence to convict him of felony murder, (2) that the Oklahoma trial court erred in sentencing him without first ordering a presentence

4

investigation, and (3) that the decision to impose Mr. Robinson's sentences consecutively resulted in an excessive sentence. "As a general rule, we will not consider issues on appeal that were not raised before the district court as part of the habeas petition." *Leyja v. Parker*, 404 F. App'x 291, 295 (10th Cir. 2010) (unpublished); *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) (indicating in context of habeas petition that "we will generally not consider issues raised on appeal that were not first presented to the district court"). Because none of these claims were properly presented to the district court in Mr. Robinson's habeas petition, we will not consider them for the first time on appeal.

Accordingly, because Mr. Robinson has failed to challenge any of the grounds on which the district court denied him habeas relief, we deny his request for COA and dismiss the appeal. We also deny his request to proceed in forma pauperis.

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge