Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 1, 2021

**2021 CO 7**

**No. 19SC548, *People v. Garcia*—Confrontation Clause—Sixth Amendment—
Testimonial Hearsay.**

In this opinion, the supreme court reviews the judgment of the district court,
which concluded on appeal that a return of service document was inadmissible
testimonial hearsay under the Sixth Amendment's Confrontation Clause.
Applying the "primary purpose" test provided by the Supreme Court for
determining whether a statement is testimonial for Confrontation Clause
purposes, this court concludes that a court must examine the statement's primary
purpose when it is made, not its primary purpose when it is introduced at trial.
And, at the time of its making, the primary purpose of the return of service
document in this case was administrative, not prosecutorial.

Therefore, the judgment of the district court is reversed.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2021 CO 7

**Supreme Court Case No. 19SC548**
*Certiorari to the District Court*
El Paso County District Court Case No. 18CV30268

**Petitioner:**

The People of the State of Colorado,

v.

**Respondent:**

Michael Garcia.

**Judgment Reversed**
*en banc*
February 1, 2021

**Attorneys for Petitioner:**
Daniel H. May, District Attorney, Fourth Judicial District
Christopher Strider, Deputy District Attorney
Doyle Baker, Senior Deputy District Attorney
    *Colorado Springs, Colorado*

**Attorneys for Respondent:**
Megan A. Ring, Public Defender
Nick Rogers, Deputy Public Defender
    *Colorado Springs, Colorado*

**JUSTICE HOOD** delivered the Opinion of the Court.

¶1     Defendant, Michael Garcia, was convicted of violating a protection order. On appeal, the district court concluded that the county court violated Garcia's confrontation right by admitting a notarized return of service into evidence at trial without the process server testifying. We conclude that the return of service wasn't testimonial hearsay, and therefore its admission didn't violate Garcia's constitutional right to confrontation. So, we reverse the district court's judgment.

## I. Facts and Procedural History

¶2     Garcia had been living in his girlfriend's apartment when she obtained a protection order requiring him to leave. Her neighbor served the order on Garcia. Although the order instructed Garcia that he was not allowed to be within 100 yards of the apartment, he didn't leave. Several hours later, the girlfriend called the police to enforce the order and remove Garcia from her apartment. When the officers confronted Garcia, he told them he didn't have to leave immediately. The officers removed him.

¶3     Garcia was charged with violation of a protection order. At his trial, the girlfriend and one of the responding officers testified. The neighbor who served Garcia with the protection order didn't testify, but, over Garcia's objection, the county court admitted into evidence a notarized return of service allegedly signed by the neighbor. The court reasoned that the return of service was nontestimonial because its primary purpose was administrative:

The proof of service reflects the administrative status of the Protection Order and the primary function was to notify [Garcia] that this Protection Order was in place and not created simply for prosecution regarding criminal conduct, but this was created before Mr. Garcia even engaged in the conduct for which he has been charged.

The girlfriend also testified that she watched the neighbor serve the protection order on Garcia and that she and the neighbor immediately had the return of service notarized, and then the girlfriend filed it with the court.

¶4 The jury found Garcia guilty as charged.

¶5 On appeal, the district court reversed Garcia's conviction, concluding that admission of the return of service without testimony from the individual who served him violated Garcia's confrontation right. The prosecution petitioned this court for certiorari review of that judgment, which we granted.[1]

## II. Analysis

¶6 We review de novo whether the admission of evidence violates a defendant's confrontation right. *Nicholls v. People*, 2017 CO 71, ¶ 17, 396 P.3d 675, 679. Therefore, our review is de novo here.

---

[1] We granted certiorari to review the following issue:

Whether the district court erred in concluding that a proof of service of a temporary civil protection order is testimonial for purposes of a defendant's rights to confrontation.

¶7 Under the Sixth Amendment to the United States Constitution, every criminal defendant has the right "to be confronted with the witnesses against him."[2] U.S. Const. amend. VI; *see Ohio v. Clark*, 576 U.S. 237, 243 (2015).

¶8 The Supreme Court has interpreted this amendment to "prohibit[] the introduction of testimonial statements by a nontestifying witness, unless the witness is 'unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *Clark*, 576 U.S. at 243 (quoting *Crawford v. Washington*, 541 U.S. 36, 54 (2004)); *accord People v. Fry*, 92 P.3d 970, 972 (Colo. 2004).

¶9 To determine whether a statement is "testimonial," courts analyze "whether, in light of all the circumstances, viewed objectively, the 'primary purpose' of [procuring the statement] was to 'creat[e] an out-of-court substitute for trial testimony.'" *Clark*, 576 U.S. at 245 (quoting *Michigan v. Bryant*, 562 U.S. 344, 358 (2011)).

¶10 Thus, in determining a statement's primary purpose for Confrontation Clause purposes, we examine the statement's primary purpose when it is made,

---

[2] Garcia asserts his claim under both the federal and the state Confrontation Clauses; however, this court has previously determined that the clauses provide equivalent protections and that the analysis under each is the same. *See Nicholls*, ¶¶ 30–33, 396 P.3d at 681–82. Therefore, for simplicity, we discuss Garcia's confrontation right under only the federal Confrontation Clause.

4

not its primary purpose when it is introduced at trial. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) ("Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial."); *People v. Ortega*, 2016 COA 148, ¶ 13, 405 P.3d 346, 350 (concluding that the phone records at issue were not testimonial because they were created at or near the time the calls were made, "[w]ere kept in the course of a regularly conducted business activity," and "[w]ere made by the regularly conducted activity as a regular practice").

¶11 Here, the "statement" at issue is the return of service for the protection order. *See* CRE 801(a) ("A 'statement' is . . . an oral or written assertion . . . ."). The return of service includes a signed affidavit by the person who completed service, as well as the time and date of service. This document was offered into evidence at Garcia's trial to prove that he had received notice of the protection order and had therefore violated it by remaining in the apartment. It was admitted even though the individual who served the order didn't testify; meaning, Garcia could not cross-examine him about the order served or the service itself.

¶12 On appeal, the district court concluded that the return of service was testimonial because proof of service is a necessary element of the crime of violation

5

of a protection order. It reasoned that the return of service document "is testimonial hearsay because it was generated in anticipation of criminal prosecution to provide proof necessary for conviction of the alleged criminal behavior to which it avers."[3]

¶13 But we must consider what the primary purpose of a return of service document is at the time it is made, not when it is used at trial.

¶14 According to statute, once a court has issued a temporary protection order,

> [a] copy of the complaint, a copy of the temporary civil protection order, and a copy of the citation must be served upon the respondent . . . . The citation must inform the respondent that, if the respondent fails to appear in court in accordance with the terms of the citation, a bench warrant may be issued for the arrest of the respondent, and the temporary protection order previously entered by the court made permanent without further notice or service upon the respondent.

§ 13-14-104.5(9), C.R.S. (2020). Thus, service of these documents provides notice to the respondent of the upcoming hearing and confers jurisdiction over the respondent to the court. *Swanson v. Precision Sales & Serv., Inc.*, 832 P.2d 1109, 1111 (Colo. App. 1992) ("The purpose of the requirement for serving process and a copy of the complaint upon a party defendant is to give that party notice of the commencement of the proceedings so that the party has an opportunity to attend

---

[3] The district court also concluded that the return of service was admissible under CRE 807, and that ruling is not before us.

6

and to prepare a defense."); *see also Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1292 (10th Cir. 2020) ("Service of process notifies a defendant of the commencement of an action against him and 'marks the court's assertion of jurisdiction over the lawsuit.'" (quoting *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992))).

¶15 Moreover, when the return of service is completed, no crime related to the order served has yet occurred. *See People v. Espinoza*, 195 P.3d 1122, 1126–27 (Colo. App. 2008) ("The documents were not created in response to an interrogation or a request from the prosecution regarding criminal conduct but were created before defendant engaged in the conduct for which he was charged."). Nor is there any objective expectation that a crime—violation of the protection order—necessarily will occur. The primary purpose of the return of service is, therefore, administrative and not prosecutorial.

¶16 The fact that it may subsequently be used to prove an element of the crime of violation of a protective order does not transform the return of service into a testimonial statement. *See id.; Logan v. Commonwealth*, 845 S.E.2d 228, 234 (Va. Ct. App. 2020) ("[A] record of service of process [is not] 'evidence against' anyone as the framers understood the Confrontation Clause's mandate. Simply because the return of service *might* be relevant in a future prosecution does not make it testimonial.").

7

¶17 Although this court has not previously addressed whether a return of service is testimonial, a division of our court of appeals has and has similarly concluded that such a statement is not testimonial.

¶18 In *Espinoza*, the defendant was arrested and charged with aggravated driving after revocation prohibited. 195 P.3d at 1125. At trial, the prosecution introduced proof of service documents indicating that the defendant had been served with notice of the revocation of his driver's license at least three months before he was arrested. *Id.* at 1126. The division concluded that the proofs of service were nontestimonial because they "reflected the administrative status of defendant's driving privilege, and their primary functions were to notify him that he was not permitted to drive a motor vehicle in Colorado and to record that such notice was given." *Id.* The division acknowledged that "[a]lthough an objective person who prepared such . . . proof[s] of service might reasonably believe [they] would be available in the event of a later traffic violation," because "the document[s] served a routine administrative function and [were] created before the charged crime occurred," their primary purpose was nontestimonial. *Id.* at 1127.

¶19 The *Espinoza* division hardly stands alone. An overwhelming number of jurisdictions that have addressed the same question under similar factual scenarios have reached the same conclusion. *E.g.*, *State v. Copeland*, 306 P.3d 610,

627 (Or. 2013) (concluding that "the primary purpose for which the certificate of service in this case was created was to serve the administrative functions of the court system," and that, although it "was foreseeable that the certificate [of service] might be used in a later criminal prosecution to furnish proof that defendant had notice that the order had been entered against him[,] . . . the more immediate and predominant purpose of service was to ensure that defendant could—and would—comply with the order"); *accord United States v. Fryberg*, 854 F.3d 1126, 1136 (9th Cir. 2017) (same); *Gaines v. State*, 999 N.E.2d 999, 1004–05 (Ind. Ct. App. 2013) (same); *see State v. Murphy*, 991 A.2d 35, 44 (Me. 2010) (concluding that a certificate from the Secretary of State confirming notice of service of the defendant's driver's license suspension was nontestimonial); *State v. Shivers*, 280 P.3d 635, 639 (Ariz. Ct. App. 2012) (concluding that a declaration of service was nontestimonial because it "was created and filed with the court to serve administrative purposes as required by statute and would have been created regardless [of] whether [the defendant] later violated the [protection order]"); *People v. Saffold*, 26 Cal. Rptr. 3d 190, 193 (Cal. Ct. App. 2005) (concluding the return of service was nontestimonial because the officer who served it did so "in the routine performance of his duties" and "did not give testimony against [the defendant] by serving the restraining order and completing the proof of service"); *Commonwealth v. Shangkuan*, 943 N.E.2d 466, 472 (Mass. App. Ct. 2011) ("[T]he

9

primary purpose for which the return of service in this case was created is to serve the routine administrative functions of the court system . . . . The return of service here was not created for the purpose of establishing or proving some fact at a potential future criminal trial."); *State v. Noor*, 907 N.W.2d 646, 654–55 (Minn. Ct. App. 2018) (concluding that a Certificate of Order Sent was administrative and nontestimonial); *see also United States v. Bahena-Cardenas*, 411 F.3d 1067, 1075 (9th Cir. 2005) (concluding that a "warrant of deportation is nontestimonial because it was not made in anticipation of litigation, and because it is simply a routine, objective[] cataloging of an unambiguous factual matter"); *United States v. Cantellano*, 430 F.3d 1142, 1145–46 (11th Cir. 2005) (same).

¶20 Finally, we reject Garcia's contention that because the return of service contains a formal declaration, it transforms the return of service document into a testimonial statement. Although affidavits can sometimes be testimonial statements, a court must still consider "all of the relevant circumstances" surrounding the affidavit's making before so concluding. *Clark*, 576 U.S. at 244 (quoting *Bryant*, 562 U.S. at 369); *see, e.g.*, *Melendez-Diaz*, 557 U.S. at 310–11. Here, the primary purpose of the return document, including the affidavit, was record-keeping, not prosecution.

¶21 In sum, we agree with the county court that the return of service is not a testimonial statement. Therefore, the county court did not violate Garcia's

constitutional right to confront a witness against him by admitting the return of service into evidence at trial.

### III. Conclusion

¶22 We reverse the district court's judgment and remand with directions to return the case to the county court to reinstate the judgment of conviction and sentence.