PRESENT: All the Justices

QUARTREZ LOGAN, S/K/A QUARTREZ RASHAD LOGAN

OPINION BY
v. Record No. 201006                                    JUSTICE WILLIAM C. MIMS
                                                                   MAY 27, 2021
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this case, the Court decides whether a return of service on a preliminary protective order is testimonial evidence and therefore subject to exclusion under the Confrontation Clause of the Sixth Amendment.

I.  BACKGROUND AND MATERIAL PROCEEDINGS BELOW

In July 2017, Shelia Chawlk sought to extend a preliminary protective order against Quartrez Logan, her daughter's boyfriend.  The General District Court for the City of Hampton granted her request to extend the order to January 2018, when a hearing would be held to determine whether a permanent protective order should be granted.  Logan did not appear before the court on the date the extension was granted.

The day following the hearing, a sheriff's deputy filed with the court a signed return of service, stating that he had personally served both Logan and Chawlk with copies of the protective order extension and subpoenas for their appearance at the January 2018 hearing.  According to the return of service, the deputy had served Logan and Chawlk at the same time, one minute before he filed the paperwork with the court.

Two days after the deputy filed the return of service, Logan attempted to purchase two guns from a pawn shop in Norfolk.  To purchase the firearms, Logan was required to fill out and sign two forms, "SP65" and "ATF 4473," mandated by state and federal law respectively.  Both

forms asked whether Logan was currently subject to a protective order. Logan answered in the negative. The store clerk forwarded the paperwork to the Virginia State Police ("VSP").

On August 1, 2017, the VSP received the forms and declined to authorize the firearms purchase. A VSP officer scheduled a meeting with Logan to discuss the attempted gun purchase. When the officer met with Logan, he showed him the preliminary protective order extension. Logan said that he knew that he was under a preliminary protective order, but that he thought the order only lasted two days and had expired by the time he attempted to purchase the firearms on July 27. When the trooper showed him the certification of service, Logan said that he "never knew [Chawlk] went back and had it extended."

Logan was indicted on a felony count of making a false statement on a criminal history consent form to obtain a firearm, in violation of Code § 18.2-308:2. He was also charged with a misdemeanor count of attempting to purchase a firearm while subject to a protective order, in violation of Code § 18.2-27.

Logan was tried on both charges at a bench trial in October 2018. Chawlk testified that she was never served with the extended preliminary protective order. She also testified that she had not been with Logan on the day the protective order was allegedly served on each of them at the same time. When the Commonwealth attempted to introduce a certified copy of the extended preliminary protective order into evidence, Logan objected. He argued that the return of service was testimonial hearsay and that its admission would violate his Sixth Amendment right to confront the deputy who signed and dated the document. The circuit court overruled the objection and admitted the preliminary protective order, including the return of service.

The court acquitted Logan of the felony but convicted him of the misdemeanor charge of attempting to purchase a firearm while subject to a protective order. Logan was sentenced to six

months' imprisonment, with three months suspended. Logan appealed the conviction to the Court of Appeals.

A three-judge panel of the Court of Appeals affirmed Logan's misdemeanor conviction. Applying the "primary purpose" test first outlined in *Davis v. Washington*, 547 U.S. 813 (2006), the panel determined that the primary purpose of the return of service was administrative rather than testimonial.

The Court of Appeals granted Logan's petition to rehear his case *en banc* and affirmed the panel's ruling in a plurality opinion. The plurality emphasized that Code § 19.2-152.9(A) was enacted "to protect the health and safety of [a] petitioner and family or household member[s] of a petitioner." They characterized this as a "non-prosecutorial purpose." Therefore, the plurality reasoned, the signing and dating of the return of service was nothing more than a "ministerial duty on the part of the deputy sheriff" that is functionally distinct from the delivery of live testimony. The plurality also found that even if the statement was testimonial, the Confrontation Clause would not be implicated because the statement would have been admissible "at the time of the founding," citing *Ohio v. Clark*, 576 U.S. 237 (2015).

We awarded Logan this appeal.

## II. ANALYSIS

This Court reviews de novo whether the admission of evidence violates a defendant's confrontation right. *Crawford v. Commonwealth*, 281 Va. 84, 97 (2011). "We consider the evidence and all reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth, the prevailing party at trial." *Id.*

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right "to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court

3

of the United States has interpreted this right as applying to "witnesses" who "bear testimony." *Crawford v. Washington*, 541 U.S. 36, 51 (2004). Thus, "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id.* at 54.

In determining whether a statement is testimonial, courts ask "whether, in light of all the circumstances, viewed objectively, the 'primary purpose' of [the statement] was to 'creat[e] an out-of-court substitute for trial testimony.'" *Clark*, 576 U.S. at 245 (quoting *Michigan v. Bryant*, 562 U.S. 344, 358 (2011)). Because the test is objective, we focus "not on the subjective or actual purpose of the individuals involved in a particular encounter, but rather the purpose that reasonable participants would have had, as ascertained from the individual's statements and actions and circumstances in which the encounter occurred." *Bryant*, 562 U.S. at 360.

If the primary purpose of the statement was testimonial, courts then ask whether the statement would have been admissible in a criminal case at the time of the founding. *Clark,* 576 U.S. at 246. Such statements may be admitted without the opportunity for confrontation under the Sixth Amendment. *Id.*

In this case, the statement at issue is the return of service on the extension of a preliminary protective order, which includes the serving deputy's signature and the time and date of service. Logan argues that because the Commonwealth introduced this statement at trial to prove an element of the crime of violation of a protection order—that he had notice that he was subject to a protective order—the primary purpose of the statement is testimonial.

However, the relevant inquiry is the primary purpose of a statement *when it is made*, not at the time of trial. As the Supreme Court of Colorado recently observed, "[W]hen the return of service is completed, no crime related to the order served has yet occurred. . . . Nor is there any

4

objective expectation that a crime—violation of the protection order—necessarily will occur." *People v. Garcia*, 479 P.3d 905, 908 (Colo. 2021). Thus, a reasonable officer would not necessarily expect that the return of service would be used in a later criminal proceeding. The fact that a statement *could* later be used in a future prosecution does not thereby render it testimonial. *See United States v. Mendez*, 514 F.3d 1035, 1046 (10th Cir. 2008) ("That a piece of evidence may become 'relevant to later criminal prosecution' does not automatically place it within the ambit of 'testimonial.' . . . [Else,] any piece of evidence which aids the prosecution would be testimonial and subject to Confrontation Clause scrutiny.").

We conclude that the primary purpose of a return of service on a protective order is administrative. Service on Logan was necessary to notify him that he was subject to an extended preliminary protective order and that there would be a hearing to determine whether a permanent protective order would be granted. Service of process was also required to confer jurisdiction on the circuit court and to give effect to the extended preliminary protective order. *See Lifestar Response of Md., Inc. v. Vegosen*, 267 Va. 720, 724 (2004) ("Without service of the 'process,' the court acquires no jurisdiction."); Code § 19.2-152.9(C) (A "preliminary order is effective upon personal service on the alleged perpetrator."). To effect service, the deputy was required to sign and date the return of service under Code § 8.01-296(2)(c).[1] The return of service therefore performs a record-keeping function, documenting that the ministerial duty of service of process was executed. [2]

---

[1] Code § 8.01-296(2)(c) requires process servers to "note the manner and the date of service on the original and the copy of the process so delivered or posted under this subdivision."

[2] Every court to consider this issue has found that the primary purpose of a return of service is non-testimonial. *See, e.g., United States v. Fryberg,* 854 F.3d 1126, 1136 (9th Cir. 2017) (A return of service is "a contemporaneous document owing its existence primarily to the tribal court's administrative needs."); *Garcia*, 479 P.3d at 908 ("The primary purpose of the return of service is … administrative and not prosecutorial."); *State v. Copeland*, 306 P.3d 610

Logan's arguments largely rely upon *Crawford v. Commonwealth*, in which this Court held that while the chief purpose of the affidavit at issue was to obtain a protective order, the affidavit was nonetheless testimonial because the facts set forth therein were "potentially relevant to later criminal prosecution." 281 Va. at 84, 98. Logan contends that because the return of service performed the same function as an affidavit, it is necessarily testimonial.[3] However, *Crawford* was decided before the Supreme Court of the United States clarified the requirements of the Confrontation Clause in *Clark*, 576 U.S. at 246. While some affidavits are testimonial, *see Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 (2009); *Cypress v. Commonwealth*, 280 Va. 305, 315 (2010), a court must consider "all of the relevant circumstances" surrounding an affidavit to make that determination. *Clark*, 576 U.S. at 244. Here, the relevant circumstances

(Or. 2013) ("[T]he primary purpose for which the certificate of service … was created was to serve the administrative functions of the court system."); *State v. Shivers*, 280 P.3d 635, 638 (Ariz. Ct. App. 2012) ("[T]he officer primarily created [the return of service] for an administrative purpose rather than a prosecutorial purpose."); *Gaines v. State*, 999 N.E.2d 999, 1004 (Ind. Ct. App. 2013) ("The primary purpose of the return of service is administrative—ensuring that the defendant received notice of the protective order."); *Commonwealth v. Shangkuan*, 943 N.E.2d 466, 472 (Mass. Ct. App. 2011) ("[T]he primary purpose [of a return of service] … is to serve the routine administrative functions of the court system.").

[3] *Crawford v. Commonwealth* relied heavily upon *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310 (2009), in which the Supreme Court of the United States described "the core class of testimonial statements" as including:

> ex parte in-court testimony or its functional equivalent--that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

indicate that the return of service was intended to serve a primarily administrative purpose, not to "'creat[e] an out-of-court substitute for trial testimony.'" *Clark*, 576 U.S. at 245.[4]

## III. CONCLUSION

We therefore affirm the judgment of the Court of Appeals.

*Affirmed.*

---

[4] We do not reach the question of whether the return of service would have been admissible in a criminal case "at the time of the founding" because we decide cases on the "best and narrowest grounds available." *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)).