19CA1397 Peo v Roberts 11-24-2021 COLORADO COURT OF APPEALS Court of Appeals No. 19CA1397 Arapahoe County District Court No. 17CR1773 Honorable Darren L. Vahle, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Keith Alfonzo Roberts, Defendant-Appellant. ORDER VACATED Division IV Opinion by JUDGE J. JONES Freyre and Tow, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced November 24, 2021 Philip J. Weiser, Attorney General, Patrick A. Withers, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Megan A. Ring, Colorado State Public Defender, Chelsea E. Mowrer, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant 
 1 ¶ 1 Defendant, Keith Alfonzo Roberts, appeals the district court’s order imposing restitution. Applying People v. Weeks, 2021 CO 75, we conclude that the prosecution must move for restitution before or at the sentencing hearing and that where, as in this case, the prosecution has the means to determine the amount of restitution and the identities of the victims before the court enters the order of conviction, under section 18-1.3-603(2), C.R.S. 2021, the prosecution must present that information to the court before the entry of the order of conviction. If the prosecution doesn’t do either of these things, the right to seek restitution is lost. Because the prosecution in this case did not file a motion for restitution before or at the sentencing hearing and had the information supporting an amount of restitution before the order of conviction was entered, but did not timely submit it to the court, the court erred by giving the prosecution an extension of time to submit a request for restitution. We therefore vacate the restitution order. I. Background ¶ 2 A jury found Roberts guilty of multiple charges arising from a high-speed highway chase that ended when Roberts crashed his car into a pursuing police officer’s patrol car. 
 2 ¶ 3 Shortly before the trial, in January 2018, the City and County of Denver Risk Management Department submitted to the prosecution a victim impact statement containing restitution information. It sought restitution of $24,633.46 to cover injuries to two police officers and damage to two police cars. The prosecution didn’t submit a restitution request to the court prior to or at the sentencing hearing. Nonetheless, at the sentencing hearing, held in March 2018, the district court concluded, sua sponte, that because the victims had suffered a pecuniary loss, “the People shall have 91 days from [the date of sentencing] to file a motion for restitution.” ¶ 4 The prosecution filed a motion for restitution within ninety-
one days after the sentencing hearing, seeking $24,633.46 in restitution, attaching the victim impact statement that had been submitted to it in January 2018. ¶ 5 Due to an apparent clerical error, the district court didn’t address the prosecution’s restitution request until October 2018, when it granted the defense thirty-five days to respond to the motion. The defense responded, objecting on timeliness grounds, arguing that (1) the prosecution had failed to timely present the restitution information that had been made available to it before 
 3 entry of the order of conviction and (2) more than ninety-one days had passed since the entry of the order of conviction, and there was no good cause for the additional delay. The court scheduled a hearing on the matter for April 2019 that was later rescheduled for June 2019. ¶ 6 At the hearing, the prosecution amended its restitution request to $20,580.13 in response to Roberts’ objection to the inclusion of $4,053.31 for a collection fee.
1 Roberts renewed his timeliness arguments. ¶ 7 The district court concluded that the prosecution’s restitution request was timely because the prosecution had filed the motion for restitution within ninety-one days of the order of conviction. The court ordered Roberts to pay $20,580.13 in restitution. II. Discussion ¶ 8 Roberts contends that the district court lacked the authority to impose restitution because (1) the prosecution possessed the requisite restitution information two months before the entry of the order of conviction but didn’t present that information to the court 1 The prosecution’s calculation (subtracting $4,053.31 from $24,633.46) was off by two cents. 
 4 before or at the sentencing hearing and (2) the district court imposed restitution more than ninety-one days after the order of conviction in the absence of good cause for extending the statutory ninety-one-day deadline. Because we agree with Roberts’ first contention, we don’t need to address his second.
2 Accordingly, we vacate the order of restitution. A. Standard of Review ¶ 9 Roberts’ contention calls for us to interpret the restitution statute, section 18-1.3-603. That presents a legal issue that we review de novo. Weeks, ¶ 24. B. Applicable Law ¶ 10 The restitution statute provides, in pertinent part, as follows: (1) Every order of conviction of a felony . . . shall include consideration of restitution. Each such order shall include one or more of the following: (a) An order of a specific amount of restitution be paid by the defendant; (b) An order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety-one days immediately following the 2 We observe, however, that Roberts’ second contention would appear meritorious in light of People v. Weeks, 2021 CO 75. 
 5 order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined; (c) An order, in addition to or in place of a specific amount of restitution, that the defendant pay restitution covering the actual costs of specific future treatment of any victim of the crime; or (d) Contain a specific finding that no victim of the crime suffered a pecuniary loss and therefore no order for the payment of restitution is being entered. (2) The court shall base its order for restitution upon information presented to the court by the prosecuting attorney, who shall compile such information through victim impact statements or other means to determine the amount of restitution and the identities of the victims. Further, the prosecuting attorney shall present this information to the court prior to the order of conviction or within ninety-one days, if it is not available prior to the order of conviction. The court may extend this date if it finds that there are extenuating circumstances affecting the prosecuting attorney’s ability to determine restitution. § 18-1.3-603 (emphasis added). The result in this case turns on our interpretation of the italicized portion of the statute. ¶ 11 Our goal in interpreting any statute is to ascertain and give effect to the General Assembly’s intent. People v. Vidauri, 2021 CO 25, ¶ 11. To do so, we look first to the statute’s language. Mosley 
 6 v. People, 2017 CO 20, ¶ 16. But we don’t consider the statute’s words or phrases in isolation. Rather, we consider the relevant statutory text as a whole, interpreting it in a way that gives consistent, harmonious, and sensible effect to all its parts. Id. If, after doing all this, we conclude that the “statute is clear and unambiguous, we give effect to its plain meaning and look no further.” Cowen v. People, 2018 CO 96, ¶ 12; see § 2-4-203, C.R.S. 2021. C. Analysis ¶ 12 The supreme court in Weeks largely did our work for us. In that case, the court held, among other things, that (1) the prosecution must move for restitution before or during the sentencing hearing; (2) the prosecution must present the information supporting the motion (i.e., information supporting a proposed amount of restitution) before the order of conviction is entered if it is then available; and (3) if, but only if, that information is not then available, the prosecution may submit it no later than ninety-one days after the entry of the order of conviction. Weeks, ¶¶ 30-31, 40. Any failure to comply with these deadlines means the court may not award restitution. See id. at ¶¶ 7, 45; see also Meza 
 7 v. People, 2018 CO 23, ¶ 11 (“[T]he statute as a whole necessarily implies that . . . a postponement will be permitted only if the required information is not available before entry of judgment.” (citing Fierro v. People, 206 P.3d 460, 461 (Colo. 2009))). ¶ 13 As now relevant, under Weeks, the prosecution in this case was required to move for restitution before or at sentencing. It didn’t. It is also undisputed that the prosecution had the means to determine the amount of restitution and identify the victims before the entry of the order of conviction. The restitution statute therefore required it to present that information to the court before then. It didn’t. Because the prosecution didn’t comply with these statutory deadlines, it lost the opportunity to seek restitution. ¶ 14 The People argue, however, that the district court has the discretion to grant additional time for the prosecution to seek restitution in these circumstances, even if the prosecution isn’t entitled to more time, because (1) the court has the inherent power to manage its docket and (2) the court isn’t deprived of the ability to award restitution even if the prosecution misses a deadline. These arguments are foreclosed by Weeks. 
 8 III. Conclusion ¶ 15 The restitution order is vacated. JUDGE FREYRE and JUDGE TOW concur.